James Weiler; AZ Bar No. 034371
**ZOLDAN LAW GROUP, PLLC**
5050 North 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@zoldangroup.com

Attorney for Plaintiff
Sarah James

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Sarah James**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**BH Management Services, LLC**, an Iowa Limited Liability Corporation;<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Sarah James, for her Complaint against Defendant BH Management, L.L.C. ("Defendant") hereby allege as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendant for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is brought to recover overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendant's violations of the FLSA.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendant in this District.

**PARTIES**

5. At all relevant times to the matters alleged herein, Plaintiff Sarah James resided in the District of Arizona.

6. Plaintiff Sarah James was a full-time employee of Defendant from on or around March 17, 2019 through April 21, 2021.

7. At all relevant times, Plaintiff Sarah James was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

8. Defendant BH Management Services, LLC is a company authorized to do business in Arizona and was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9. Defendant has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

11. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

12. At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

13. At all relevant times, Plaintiff, in her work for Defendant, was engaged in interstate commerce.

14. Plaintiff is a covered employee under individual coverage.

15. Plaintiff is a covered employee under enterprise coverage.

## **FACTUAL ALLEGATIONS**

16. Defendant is a property management company.

17. On or around March 9, 2019, Plaintiff Sarah James commenced employment with Defendants as a leasing consultant

18. Plaintiff's primary job duties included working with prospects to finding a home, giving guided tours, inspecting units, and building and completing files for applicants and new residents.

19. From on or around March 17, 2019, Plaintiff Sarah James was paid at a wage rate of $13.50 an hour plus commission with an overtime rate of $20.25 an hour.

20. From on or around June 6, 2020, Plaintiff Sarah James was given a raise to $15.00 an hour plus commission with an overtime rate of $22.50 an hour.

21. Plaintiff was a non-exempt employee.

22. Plaintiff, to this day, has not received all overtime wages for the work she performed.

23. Defendant failed to properly compensate Plaintiff Sarah James for all of her overtime hours.

24. Plaintiff Sarah James worked in excess of 40 hours and was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

25. For example, during the pay period of July 25, 2020 to August 7, 2020, Plaintiff Sarah James estimates that she worked around 10 hours of overtime during that period and did not receive any overtime wages.

26. Plaintiff, therefore, did not receive her FLSA wages or overtime for that time period.

27. Defendant was aware that Plaintiff's working hours exceeded 40 hours and required her to work overtime as a condition of her employment.

28. Defendant wrongfully withheld overtime wages from Plaintiff by failing to pay all overtime wages due on her next paycheck.

29. Defendant refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

30. Defendant failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

31. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

32. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

33. At all relevant times, Plaintiff was employed by Defendant within the meaning of the FLSA.

34. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

35. Defendant has intentionally failed and/or refused to pay Plaintiff overtime

wages according to the provisions of the FLSA.

36. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

37. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

38. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

39. Defendant knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

40. Defendant knew their failure to pay overtime wages was a violation of the FLSA.

41. Defendant has not made a good faith effort to comply with the FLSA.

42. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant committed the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all overtime wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 4, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
5050 North 40th St., Suite 260
Phoenix, AZ 85018
Attorney for Plaintiff